UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE EVETTE NICOLE REED,               )
                                        )     Case No.: 4:16cv633 RLW
            Debtor,                     )
                                        )

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Appellant Critique Services, LLC for

Stay of Judgment of the Bankruptcy Court Pending Appeal (ECF No. 12) and the Motion of

Appellant Ross H. Briggs for a Stay of Judgment of the Bankruptcy Court Pending Appeal (ECF

No. 14).[1]

### BACKGROUND

In June 2014, the Bankruptcy Court, Judge Charles E. Rendlen, III, suspended Attorney

James Robinson from the Bankruptcy Court. *See In re Latoya Steward*, 2016 WL 3629028 (8th

Cir. Jul. 7, 2016). Thereafter, Briggs volunteered to provide representation to approximately

ninety-five (95) of Attorney Robinson's clients who had filed Chapter 7 bankruptcies before the

Honorable Barry S. Schermer and the Honorable Kathy Surratt-States. In addition, Briggs

represented debtors in cases pending before the Honorable Charles E. Rendlen, III, including six of

the eight cases involved in the instant appeal, without charge or receipt of a fee.

By October 21, 2014, all of the debtors involved in this appeal had received their Order of

Discharge from the Bankruptcy Court.

On November 26, 2014 and December 2, 2014, Bankruptcy Judge Charles E. Rendlen III

issued two show cause orders directing Attorney Robinson to show cause why the Court should

not order disgorgement of his unearned attorney's fees, ranging from $299 to $349 in each case,

---

[1] Critique Services, LLC is also referred to herein as "Critique Services" and "Critique". Ross
Briggs is also referred to herein as "Briggs". Collectively, they are referred to as "Appellants".

pursuant to 11 U.S.C. §329. Bankruptcy Judge Rendlen's Orders also directed the Chapter 7 Trustee in each case to address:

(a) To whom, specifically the fees were paid;

(b) Where the fees were held following payment, including whether such fees were held in a client trust account;

(c) Where the fees are held today;

(d) Whether any of those fees have been disbursed to Mr. Robinson, any attorney affiliated with or otherwise associated with (formally or informally) Critique Services, LLC or any permutation of Critique Services, LLC, to any employee, officer, or owner of Critique Services, LLC or to any other person.

These show cause orders were not directed to Briggs.

The Chapter 7 Trustees filed a motion to compel directed to Briggs to produce Attorney Robinson's financial records.

On January 23, 2015, the Bankruptcy Court entered an Order Compelling Turnover, directing Robinson, Briggs, and Critique to participate in the process of turning over the requested discovery. The Bankruptcy Court held that none of the three made a good faith effort to turnover documents as ordered. In addition, the Bankruptcy Court held that Briggs was discovered to have made misleading statements at the January 13, 2015 hearing on the Motion to Compel Turnover in an effort to avoid being ordered to participate in the turnover.

On July 6, 2015, Judge Rendlen issued an order stating that "[i]t was established that the Respondents had failed to comply with the Order Compelling Turnover," and giving notice that "it is considering the imposition of monetary sanctions and/or other nonmonetary sanctions or taking of any other nonmonetary sanctions or the taking of any other appropriate action for non-compliance."

On July 22, 2015, the Court entered its order advising that it was considered suspending Briggs for six months as a sanction.

Robinson, Briggs, and Critique were provided with an opportunity to respond to the July 2015 Orders, and each responded.

On April 20, 2016, the Bankruptcy Court issued its Judgment and Memorandum Opinion. The April 20 Order suspended Briggs from using the Court's electronic filing system and from the privilege of practicing before the Bankruptcy Court for six months (until October 15, 2016). Briggs was also prohibited from soliciting new clients and from filing new cases in the Bankruptcy Court, but was allowed to continue to represent clients he had on record as of April 20, 2016. The Court found Briggs in contempt of the Order Compelling Turnover and found that Briggs had made deliberately misleading representation to the Bankruptcy Court regarding the nature of his relationship with Critique Services Business and Beverly Diltz. Additionally, Briggs was ordered to take CLE classes in professional ethics and prohibited from doing any future bankruptcy-related business with Beverly Holmes Diltz, who is associated with Critique, and other persons affiliated with Critique. The April 20 Order permanently prohibited Critique from providing any goods or services to anyone in the Eastern District of Missouri regarding bankruptcy matters that would be potentially filed in this District.

## STANDARD OF REVIEW

Fed. R. Bankr. P. 8007(b)(1) gives this Court jurisdiction to enter an order staying the Judgment pending appeal. On May 12, 2016, Briggs filed a Motion for Stay of the Judgment Pending Appeal in the Bankruptcy Court. On June 21, 2016, the Bankruptcy Court denied this Motion for Stay of the Judgment Pending Appeal in the Bankruptcy Court. Thus, this matter is before this Court as a matter of appellate review. *See In re Wymer*, 5 B.R. 802, 807 (B.A.P. 9th Cir.

1980) (the "appellate court simply determines whether the trial court abused its discretion"). This Court, however, reviews the Bankruptcy Court's conclusions of law *de novo*.

In order to obtain a stay, Briggs must show: (1) he is likely to success on the merits, (2) he will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to the other parties, and (4) the stay will do no harm to the other parties, and (4) the stay will do no harm to the public interest. *Arkansas Peace Ctr. v. Arkansas Dep't of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993).

## DISCUSSION

### 1. Likelihood of Success on the Merits

Briggs claims that he has a high likelihood of success on the merits. (ECF No. 15 at 8). Briggs contends that the bankruptcy court lacked constitutional authority to enter the judgment against Briggs. Bankruptcy Judges are Article I judges, not Article III judges. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938 (2015) ("Congress has also authorized the appointment of bankruptcy and magistrate judges, who do not enjoy the protections of Article III, to assist Article III courts in their work."). Briggs argues that the Bankruptcy Court, an Article I court, only has authority to issue final judgment on claims that involve "public rights." *Stern v. Marshall*, 564 U.S. 462 (2011). In contrast, District Courts, which are Article III courts, may adjudicate "state created private rights." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989). Briggs argues that the issue before the Bankruptcy Court involved a "private right" not a "public rights". Briggs contends the right at issue was a private right because the resolution of the issue of whether Attorney Robinson complied with the Missouri Rules of Professional Responsibility had no bearing on the restructuring of debtor-creditor relations and instead involved claims arising exclusively from state law. (ECF No. 15 at 10). Briggs further maintains that his suspension is a finding of criminal contempt because "he has no ability to reduce

the period of his suspension through compliance with any order of the Court." (ECF No. 15 at 11). Briggs argues that the Bankruptcy Court, an Article I court, lacks the constitutional authority to enter a final order of criminal contempt. (ECF No. 15 at 11). Rather, Briggs states that only a District Court, using its Rules of Disciplinary Enforcement, possesses criminal contempt powers. (ECF No. 15 at 11-14 (citing E.D.Mo. L.R. 12.02 ("A member of the bar of this Court and any attorney appearing in any action in this Court, for good cause shown and after having been given an opportunity to be heard, may be disbarred or otherwise disciplined, as provided in this Court's Rules of Disciplinary Enforcement.")). Briggs claims that the Bankruptcy Court lacked authority to conclude a disciplinary proceeding against an attorney, noting that Bankruptcy Local Rule 2094-C only allows for initiation of a disciplinary proceeding.

Critique argues that Judge Rendlen should have complied with the requirements of 28 U.S.C. §455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See* ECF No. 13 at 1-4. Critique does not argue that Judge Rendlen should have recused himself, but argues that he "failed to explain what he did specifically to supervise attorneys in his office who pursued adversary complaints against Critique Services, LLC." (ECF No. 13 at 1). Critique also claims that Judge Rendlen, the U.S. Trustee from June 2003 through May 2006, "was a party opponent to Critique Services, LLC in two pieces of litigation filed in the Bankruptcy Court." (ECF No. 13 at 1). Critique claims that Judge Rendlen did not comply with his ethical requirement under Section 455 to disclose on the record all relevant information as to the issue of disqualification.

In response, the United States Bankruptcy Court for the Eastern District of Missouri and Judge Charles E. Rendlen, III (collectively, "the Interested Parties") argue that federal courts (including Bankruptcy Courts) have inherent power to sanction attorneys for violation of court

orders (such as contempt of the Order Compelling Turnover) and for professional malfeasance committed in its presence. (ECF Nos. 38 at 5, 41-1 at 2 (citing *In re Charbono*, 790 F.3d 80, 86 (1st Cir. 2015) (allowing imposition of non-punitive sanction as part of bankruptcy court's inherent power)). Further, the Interested Parties maintain that the attorney disciplinary proceedings were not criminal because the "normal protections afforded a criminal defendant do not apply." (ECF No. 38 at 6 (citing *Rosenthal v. Justices of the Supreme Court of California*, 910 F.2d 561, 564 (9th Cir. 1990)). As a result, the Interested Parties assert that the Bankruptcy Court did not abuse its discretion in finding that Briggs has not met his burden of showing a strong likelihood of success on the merits. (ECF No. 38 at 6).

Likewise, the Interested Parties claim that Critique Services also has not shown a likelihood of success on the merits. The Interested Parties note that Critique Services' same argument was previously rejected in this Court. (ECF No. 38 at 7 (citing *In re Steward*, 529 B.R. 903, 915 (E.D. Mo. 2015)). The Interested Parties maintain that 28 U.S.C. §455(a) is inapplicable because Critique Services has not provided any evidence that Judge Rendlen was personally involved in the investigation or prosecution of the lawsuits brought by his office against Critique Services while he was the United States Trustee. (ECF No. 38 at 7-8).

Based upon the recent decision by the Eighth Circuit, the Court holds that Briggs and Critique are not likely to succeed on the merits. *See In re Latoya Steward*, 2016 WL 3629028 (8th Cir. Jul. 7, 2016). In *In re Steward*, the Appellants (Critique, James Robinson d/b/a Critique, and Critique's and Robinson's former attorney Elbert Walton) appealed the imposition of a sanction, arguing that the Bankruptcy Court's order was a final order for criminal sanctions. The Bankruptcy Court had entered judgment in favor of Steward; found Robinson in contempt; made final $30,000 in accrued monetary sanctions; ordered that Walton be jointly and severally liable for the $30,000 in sanctions; imposed additional sanctions on Robinson and Walton in the amount

of $19,720 for attorney's fees incurred by Steward's counsel in litigating discovery; sanctioned Robinson and Walton for making false statements to the court by suspending them from practice before the United States Bankruptcy Court for the Eastern District of Missouri; and ordered that Robinson and Walton's actions be referred to the U.S. District Court for the Eastern District of Missouri, the Office of the U.S. Trustee, and the Office of the Chief Disciplinary Counsel of the Missouri Supreme Court for any appropriate investigation and disciplinary action. The Eighth Circuit noted, "Civil contempt is distinguished from criminal contempt by the presence of a purgation provision, which allows the contemnor to purge himself of the contempt by complying with the court's orders. *In re Steward*, No. 15-1857 (citing *In re Mayex II Corp.*, 178 B.R. 464, 470 (Bankr. W.D. 1995)).[2] The Eighth Circuit reaffirmed that bankruptcy courts have the authority to exercise civil contempt power in order to coerce compliance with court orders or to compensate for damages associated with non-compliance. *Id.* The Eighth Circuit held that the sanctions were civil in nature and Robinson and Walton had been given multiple opportunities to purge themselves of the sanction by providing discovery. The Eighth Circuit held that the "mere fact that Appellants' failure to comply with the court's orders caused the contempt sanctions to ultimately come due does not render those sanctions criminal in nature." Thus, the Eighth Circuit agreed that the Bankruptcy Court's imposition of sanctions for civil contempt was proper. Similarly, the Eighth Circuit reaffirmed that bankruptcy courts have the authority to sanctions persons appearing before them, and this authority includes the right to control admission to their bar. *In re Steward*, No. 15-1857 (citing In re Burnett, 450 B.R. 116, 132 (Bankr. E.D. Ark. 2011); E.D.Mo. L.R. 12.02). The Eighth Circuit held that the Bankruptcy Court's suspension of

---

[2] Although Briggs argues that the April 20 Judgment contains no "purgation" provision pursuant to which Briggs can reduce his six month suspension from filing new cases (ECF No. 49 at 3), Briggs was given an opportunity to avoid sanction by prior to the April 20 Judgment by complying with the discovery order. Under *In re Steward*, the Court holds this was a sufficient purgation provision.

Robinson and Walton from practicing in the Bankruptcy Court for the Eastern District of Missouri was a proper exercise of its authority and did not constitute an abuse of discretion.

In *In re Steward*, Critique had also challenged Judge Rendlen's impartiality based upon his time as the U.S. Trustee. The Eighth Circuit held that neither the Bankruptcy Court nor the District Court abused its discretion in denying Appellants' multiple motions for recusal:

> In the orders denying the motions to recuse, Judge Rendlen explained that he was not personally involved with the United States Trustee's investigations into Critique Services and was exposed to no information relevant to Steward's Motion to disgorge attorney's fees. On this record, we cannot find that Appellants "[bore] the substantial burden" of proving that Judge Rendlen was not impartial.

*See also* ECF Nos. 47 at 1, 48 at 2 (noting that the Eighth Circuit's rejection of Critique's argument that Judge Rendlen should have recused is binding precedent). Based upon this ruling, the Court holds that Critique's argument that Judge Rendlen should have recused him is not supported by law. The Court denies Critique's motion to stay on this basis.

The Court also holds that the *In re Steward* decision implicates Briggs' argument that the Bankruptcy Court lacked authority to impose sanctions on him. Although the sanctions here are not the same as addressed in *In re Steward*, the Court notes that they are very similar to the sanctions handed down in the cases that gave rise to this appeal. Faced with this precedent, the Court holds that Briggs and Critique have not shown a likelihood of success on the merits. As in *In re Steward*, Briggs and Critique were sanctioned for discovery violations. They also were afforded multiple opportunities to redress those violations. Only after failing to comply with the Bankruptcy Court's orders mandating compliance, they were sanctioned with a monetary fine and barred from obtaining new clients for six months. The Court holds that these sanctions likely will be determined to be civil in nature and a proper exercise of the Bankruptcy Court's constitutional authority.

In addition, the Court holds that the Interested Parties will likely succeed based upon the Bankruptcy Court's inherent authority to suspend Briggs. Briggs argues that there "is no record of disrespectful conduct by Briggs" in this case (unlike in *In re Steward*), and "disputes that he violated the Turnover Order" or "that he made any misrepresentation to the Court at the January 13 hearing." (ECF No. 49 at 6). Briggs argues that the Court improperly based its decision on the affidavits of the Trustees Case and Conwell, which were matters outside of the Court room and outside of the presence of the Judge. (ECF No. 49 at 6). Thus, it seems that Briggs is disputing the Bankruptcy Court's determination that Briggs' conduct was worthy of sanction, not the Bankruptcy Court's authority to impose sanctions. The Court finds that the Bankruptcy Court carefully laid out and detailed the misconduct that was the basis for the Appellants' suspension. The Court finds that the misconduct, namely failing to comply with the Court's Turnover Order and a misrepresentation at the January hearing, occurred before the Bankruptcy Court and the Bankruptcy Court had a right under its inherent authority to issue sanctions, including attorney discipline. *See In re Steward*, 2016 WL 3629028 at \*8. Therefore, the Court holds that the Interested Parties have demonstrated a likelihood of success on the merits.

## 2. Irreparable injury

Briggs claims that he will be irreparably harmed by a stay. (ECF No. 15 at 14-15). He states that he will suffer unrecoverable economic injury during the time period when he is unable to practice, as well as a loss of good will by declining new clients. (ECF No. 15 at 15; ECF No. 39 at 11 (citing *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 426 (8th Cir. 1996) ("The threat of unrecoverable economic loss, however, does qualify as irreparable harm."). Briggs states that he will lose the revenue from new clients for the six month period of his suspension and will have no compensation for this loss. (ECF No. 39 at 11-12).

Likewise, Critique asserts that barring its sale will cause irreparable harm. (ECF No. 13 at

5). Critique contends that a possible purchaser may abandon interest in a purchase due to the lack of a resolution of the controversy in the Bankruptcy Court. (ECF No. 13 at 5).

In response, the Interested Parties argue that Briggs only will suffer an economic loss, not a loss of good will, as a result of his suspension. (ECF No. 38 at 6). The Interested Parties maintain that economic loss is insufficient to demonstrate irreparable harm. (ECF No. 38 at 6 (citing *Brady v. Nat'l Football League*, 640 F.3d 785, 794-95 (8th Cir. 2011) ("Moreover, the NFL cannot meet its burden if it demonstrates only economic loss, unless 'the loss threatens the very existence of the [NFL's] business,' because 'economic loss does not, in and of itself, constitute irreparable harm.'")(internal citation omitted). The Interested Parties further note that Briggs currently has over 600 cases pending in the Bankruptcy Court and, therefore, he cannot claim that his business faces extinction absent the requested injunctive relief. (ECF No. 38 at 6-7).

The Interested Parties also assert that the Bankruptcy Court did not abuse its discretion in determining that Critique will not suffer irreparable harm. (ECF No. 38 at 8). First, the Interested Parties contend that Critique's economic harm is insufficient as a matter of law to establish irreparable harm. (ECF No. 38 at 8). Second, the Interested Parties maintain that a stay of the April 20 Order will have no impact on the "controversies" surrounding Critique because the lawsuits from the United States Trustee's Office and the Missouri Attorney General's Office, as well as any appeals, will remain pending. (ECF No. 38 at 8).

The Court holds that Briggs and Critique would be irreparably harmed if a stay of the April 20, 2016 Order is not allowed. Briggs and Critique will experience loss of good will and unrecoverable revenue if they are not allowed to accept new clients for six months. *See Iowa Utilities Bd.*, 109 F.3d at 426. The Court holds this factor slightly weighs in favor of a stay.

**3. Harm to the other parties and public interest**

Briggs asserts that his clients in this action will not be prejudiced by granting a stay because all of the debtors have received their Orders of Discharge and their cases have been closed. (ECF No. 15 at 15). Further, Briggs notes that he is allowed under the April 20 Judgment to continue to represent his present clients before the Bankruptcy Court. Thus, Briggs will regularly appear before and interact with the Chapter 7 Trustees during his representation of his existing clients. (ECF No. 39 at 12). Thus, Briggs claims that the ban on his practice cannot be imposed to protect clients from his allegedly unethical practices because he is allowed to continue practicing, although in a limited capacity. (ECF No. 15 at 15; ECF No. 39 at 12). Critique asserts that granting the stay is in the public interest because allowing Critique to continue "will help ensure that African-Americans will continue to maintain affordable access to the bankruptcy [c]court." (ECF No. 13 at 5).

The Interested Parties do not address this topic here. However, in its June 21, 2016 Order denying the motion for stay, held that the Chapter 7 Trustees will be prejudiced by the stay because Briggs "might return to his unethical ways."

The Court holds that this factor does not weigh in favor of a stay. The Bankruptcy Court outlined the need to preclude Briggs and Critique from practicing in order to protect others from their unethical conduct. Therefore, the Court holds that there is evidence that allowing the stay would prevent harm to third parties.

## 4. Conclusion

After weighing all of the factors, the Court concludes that a stay is not warranted in this case. The likelihood of success on the merits, the most important factor, clearly favors allowing the April 20 Order to continue in effect. *See Brady*, 641 F. 3d at 789 ("The most important factor is the appellant's likelihood of success on the merits."). The Court further holds that the slight harm

to the Appellants does not outweigh the significant harm to third parties and the public that was identified by the Bankruptcy Court. As a result, the Court denies the Motion to Stay.


Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Appellant Critique Services, LLC for Stay of Judgment of the Bankruptcy Court Pending Appeal (ECF No. 12) and the Motion of Appellant Ross H. Briggs for a Stay of Judgment of the Bankruptcy Court Pending Appeal (ECF No. 14) are **DENIED**. The April 20, 2016 Orders of the Bankruptcy Court remain in effect.

**IT IS FURTHER ORDERED** that the Motion of Appellant Ross H. Briggs for an Expedited Hearing of Appellant's Motion for Stay of Judgment of the Bankruptcy Court Pending Appeal (ECF 17) is **DENIED**.


Dated this 15th day of July, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE